

FILED
SUPERIOR COURT
OF GUAM

2019 MAR 26 PM 3 08

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JESSE ANDERSON LUJAN AND FRANCIS GILL,<br>                    PLAINTIFFS,<br><br>vs.<br><br>STEPHEN TEBO and DOES ONE (1) through TEN (10), inclusive,<br><br>                    DEFENDANTS. | CIVIL CASE NO.: CV1219-17<br><br>DECISION AND ORDER |

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Defendant Stephen Tebo's ("Defendant") Motion for a Protective Order to Require Plaintiffs to Take the Deposition of Defendant Stephen Tebo in Colorado, or Alternatively to Reschedule the Deposition of Stephen Tebo. Attorney Joyce Tang represents Defendant. Attorney Curtis C. Van de veld represents Plaintiffs Jesse Anderson Lujan and Francis Gill ("Plaintiffs"). A hearing was held on January 10, 2019, and the Court thereafter took this matter under advisement. Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On December 1, 2017, Plaintiffs filed a Complaint for damages and punitive damages against Defendant Tebo and Defendants Does one (1) through ten (10), claiming breach of contract, breach of fiduciary duty, conspiracy to defraud, and fraud. Compl. (Dec. 1, 2017). On February 14, 2018, Defendant filed his Answer to Complaint. Answer (Feb. 14, 2018). As detailed more fully below, the parties have been communicating since at least June 2018 about scheduling a deposition for Defendant, a resident of Colorado. On December 6, 2018, Plaintiffs filed a Notice of Taking Deposition upon Oral Examination to Defendant Stephen Tebo. Notice of Depo. (Dec. 6, 2018). The Notice of Deposition states that Defendant's deposition would take place on January 5, 2019, at the office of Plaintiffs' Counsel, which is located on Guam. On January 3, 2019, Defendant filed a Motion for a Protective Order, seeking an order requiring that the deposition take place in Colorado, or alternatively for the deposition to be rescheduled. Mot. for Protective Order (Jan. 3, 2019). Along with the Motion for a Protective Order, Defendant also filed an *Ex Parte* Motion to Shorten Time, seeking an expedited hearing on the matter. Mot. to Shorten Time (Jan. 3, 2019). The Court heard this matter on January 10, 2019, and subsequently took the Motion for Protective Order under advisement. The date of the scheduled deposition has passed and the *Ex Parte* Motion to Shorten Time is therefore moot. The Court will only determine the issue of whether Defendant will be compelled to travel to Guam for his future deposition.

## DISCUSSION

Guam Rule of Civil Procedure 26(c) provides, in relevant part, that the court may issue an order "which justice requires to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Additionally, Rule 26(c) requires that a party moving for a protective order must have first, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Guam Local Rule CVR 26.2 states the following:

(a) A lawyer shall not use any form of discovery, or the scheduling of discovery, as a means of unduly harassing opposing counsel or his or her client.

(b) Requests for production shall not be excessive or designed solely to place a burden on the opposing party.

(c) Lawyers shall, when practical, consult with opposing counsel before scheduling hearings and depositions, in a good faith attempt to avoid scheduling conflicts.

(d) When scheduling hearings and depositions, lawyers shall communicate with opposing counsel in an attempt to schedule them at a mutually agreeable time.

If a request is made to schedule a hearing or deposition, the lawyer to whom the request is made shall confirm that the time is available or advise of a conflict within a reasonable time and suggest an alternate time for the hearing or deposition.

## I. Defendant has, in good faith, attempted to confer with Plaintiff regarding the time and place of the deposition.

Guam Rule of Civil Procedure 26(c) requires that a party moving for a protective order must have first, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Plaintiffs argue that Defendant has failed to make a good faith effort to schedule the deposition. Opp'n at 2 (Jan. 7, 2019). The Court finds that the record demonstrates Defendant has acted in good faith in trying to schedule a deposition, and that such efforts have nonetheless failed. The Court will now provide a record of the communications between the parties concerning this issue.

1. On June 20, 2018, Plaintiffs' counsel Attorney Curtis Van de veld ("Plaintiffs' Counsel) sent Defendant Tebo's counsel Attorney Joyce Tang ("Defense Counsel") a letter which asked whether Defendant Tebo would be available for a deposition office in August 2018 at Plaintiffs' Counsel's. Van de veld Decl. Ex. 1 (Jan. 7, 2019).

2. On November 29, 2018, Plaintiffs' Counsel sent Defense Counsel a letter proposing to depose Defendant Tebo at Plaintiffs' Counsel's office on January 5 or 6, 2019. Tang Decl. Ex. A (Jan. 3, 2019). Attorney Leslie Travis (another attorney at Defense Counsel's firm) responded on November 30, 2018, with the following regarding the deposition of Defendant Tebo: "We will discuss possible deposition dates with Mr. Tebo, and propose filing a

Stipulation Extending discovery for the purpose of conducting depositions. Please let us know what your position is." Van de Veld Decl. Ex. 2.

3. On December 6, 2018, Plaintiffs' Counsel filed a Notice of Taking Deposition upon Oral Examination, stating a deposition of Defendant would be taken at Plaintiffs' Counsel's office on January 5, 2019. Tang Decl. Ex. B.

4. Also on December 6, 2018, Plaintiffs' Counsel emailed Defense Counsel, stating that he was willing to meet with Defense Counsel the following day "at 2:30 for 20 minutes" in order to "address the simple issue of framing discovery disputes." Tang Decl. Ex. E. Defense Counsel responded later that day, stating that she was willing to meet in order to review the 34 issues Plaintiffs' Counsel had raised regarding discovery, but that she was unavailable at the time requested by Plaintiffs' Counsel. Id. Plaintiffs' Counsel responded by providing alternative times. Id.

5. On December 31, 2018, Plaintiffs' Counsel emailed Defense Counsel, stating that the January 5 deposition was to take place at 9 AM and inquiring whether Defendant would be appearing in person. Tang Decl. Ex. C. Defense Counsel responded the same day, confirming that Defendant, a resident of Colorado, would not be appearing in person but would be available by telephone or videoconference. Id.

6. On January 2, 2019, Plaintiffs' Counsel emailed Defense Counsel, stating that Defendant's failure to attend the deposition on January 5 would be a breach of his obligation to do so, and claiming that Defendant's personal attendance at a deposition is mandatory because remote attendance would prejudice Plaintiffs due to the volume of records that would potentially be used at his deposition. Tang Decl. Ex. D. On January 3, 2019, Defense Counsel responded via email, notifying Plaintiffs' Counsel of Defendant's intent to file a motion for a protective order on the basis that he does not reside in Guam and a personal appearance would be unduly expensive and burdensome. Id.

Based on the record, the Court finds that Defense Counsel has attempted in good faith to meet and confer with Plaintiffs' Counsel and reach an agreement as to the time and method of

Defendant's deposition. Unfortunately, these efforts have failed to resolve the dispute. The record indicates that Defense Counsel informed Plaintiffs' Counsel on December 31, 2018, that Defendant lives in Colorado but would be available by telephone or videoconference, and Plaintiffs' Counsel responded by scheduling a deposition in Guam without addressing the issue of whether the deposition would be taken in-person.

The Court further notes that Plaintiffs' Counsel's December 6, 2018, email to Defense Counsel contains the following two statements: (1) "your father [*sic*] wrong [*sic*] to do teach [*sic*] provide electronic copies of discovery. Maybe you should read the local rules;" and (2) "[y]ou trusted your lowest subordinate provide [*sic*] the Discovery responses." Tang Decl. Ex. E. The Court notes the difficulty faced by Defense Counsel in trying to make arrangements with an opposing attorney behaving in this manner. For the reasons stated, the Court finds that Defense Counsel has met her burden under GRCP 26(c) to attempt to confer regarding the issue of discovery location, and the Court will now determine whether a protective order is warranted in this instance.

## II. A deposition on Guam would be excessively burdensome to Defendant.

Plaintiffs argue that Defendant should be deposed on Guam because 1) he has failed to meet his burden of showing that attending a Guam deposition is excessively burdensome to him, and 2) because the contentious nature of the discovery taken between the parties renders it likely that court supervision over the deposition will be required. Opp'n at 5.

Requiring Defendant to travel from Colorado to Guam in order to take his deposition would involve considerable travel time and expense. Defendant has provided the Court with case law from other jurisdictions supporting his argument that in the case where a deponent lives a great distance from the deposing party, the deposition should take place near the location of the deponent.

> When making the determination of whether a protective order is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition." Because the Plaintiff has greater influence over the choice of forum, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." As explained in <u>Metrex Research Corp. v. United States</u>, "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a

location in the vicinity in which the deponent resides, even if the deponent is a party."

O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M. 2004) (internal citations omitted).

The Court notes that Plaintiffs have not offered to pay Defendant's travel expenses to travel to Guam for a deposition. Further, Defendant states that he is willing to be deposed by video conference provided that the deposition is scheduled for a reasonable time and date, and that he is given copies of the exhibits to be covered in the deposition in advance so that he is not required to try to read the documents on the video screen. Mot. for Protective Order at 7. Plaintiff argues that there are voluminous documents which will be referred to during the deposition, which will make it difficult to conduct the deposition remotely in Colorado. Decl. of Plaintiffs' Counsel at 2. The Court finds that this concern can be adequately addressed by Plaintiffs providing Defendant with all necessary and relevant documents ahead of time so he can review them and have them available with him during the deposition.

Plaintiffs have provided the Court with case law which they believe supports their contention that Defendant should be compelled to travel to Guam for his deposition. As a preliminary matter, the Court notes that the following cases involve corporate defendants seeking to avoid being compelled to attend depositions. Defendant in the present matter is being sued in his personal capacity, but because the dispute concerns a business matter, the Court finds that the legal principles discussed in the following cases are applicable to the present dispute.

First, Plaintiffs cite the unpublished case Motion Games, LLC v. Nintendo Co., 2014 WL 5306961 (E.D. Tex. Oct. 16, 2014) to support their argument that neither the burden of international travel nor Defendant's busy schedule as a business executive provide good cause for a protective order. The plaintiff in that matter sought to have Nintendo executives compelled to travel to the United States for depositions, citing the procedural difficulties of conducting depositions pursuant to Japanese law. Id. at 3. Instead of supporting Plaintiffs' contention that Defendant should travel to Guam, the Court in Motion Games ultimately found that it would "not depart from the general rule that corporate representative witnesses should be deposed in or near the corporation's principle place

of business." Id. at 4. Expanding on this general rule, the court cited to the theory that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum, and it is therefore presumed unfair to force a corporate defendant to travel for a deposition. Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993)

Plaintiffs also point to Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 630 (C.D. Cal. 2005), in which a federal court found that a party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. Plaintiffs failed to note that the court in Cadent Ltd. further found that there is a presumption that a corporate defendant is to be deposed at its principle office of business. Id. at 628. The court ruled that an exception was warranted in that particular matter, as it appeared that denying the defendant's protective order led to an outcome that was apparently more convenient, less time consuming, and less expensive. Id. at 629. The same cannot be said in the present case, especially when there is the acceptable alternative of a deposition by videoconference (an alternative not mentioned in Cadent Ltd.).

Lastly, Plaintiffs point to this Court's decision in an unrelated case, Oxford Properties and Finance Ltd. et al. v. Christine A. Lee et al, case no. CV1049-16. In that case, the Court found that the plaintiff bore the burden of showing undue hardship or exceptional or compelling circumstances to justify refusal to submit to deposition in the forum where litigation was pending. Oxford v. Lee, Dec. & Order at 5 (Feb. 8, 2018). As with the other case law cited by Plaintiffs in this matter, this decision can be differentiated from the facts currently before the Court. Similarly to the unpublished Texas decision in Motion Games, this Court found that there is a difference in analysis between cases where a plaintiff opposes travelling for a deposition and cases where a defendant opposes such travelling. This Court ruled that the corporate plaintiff in that matter be compelled to attend a deposition on Guam, but suggested that a corporate defendant would not necessarily be compelled to do so. "However, the Court can distinguish the authorities cited by Plaintiff as inapplicable here as those authorities dealt with the depositions of a foreign corporate defendant. Not one case cited by Plaintiff for the presumption that the deposition of a corporate agent will occur at the corporation's

principal place of business extends such presumption to a deposition of a named plaintiff, noticed by the defendant." Id. at 4-5.

The Court further notes that, in the Oxford v. Lee Decision and Order, the Court denied a party's request for a deposition via videoconference. Id. at 7. In that Decision, the Court acknowledged that it had the discretion to order a videoconference if the Court found it appropriate. Id. Based on the particular facts presented in that case, the Court denied the request. Id. That decision was based upon the Court's finding that the deposed party was a named plaintiff in the action, and the defendants therefore should be granted an opportunity to evaluate the plaintiff's credibility through in-person depositions. Id. Here, the deposed party is not a plaintiff and there is no general rule that Defendant should be compelled to travel to Guam. The Court therefore finds that the facts presented in this case differ from those presented in Oxford v. Lee. In the present case, the Court finds that it is in the best interests of justice to allow a deposition via videoconference.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion for a Protective Order.

**SO ORDERED** _3/26/19_ .

SERVICE ___ __ T BOX

I acknowledge ___ a copy of the
original her ___ as placed in the
court box o..
Civille + Tang
a. Van de ___
Date: 3/26/9 ___ 3:55
Dep ___ Superior ___ of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam